UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

IAN M. DOTY,
    Plaintiff

vs

COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,
    Defendant

Case No. 1:11-cv-424

Weber, J.
Litkovitz, M.J.

REPORT AND
RECOMMENDATION

Plaintiff, an inmate at the Mansfield Correctional Institution in Mansfield, Ohio, brings this civil action against the Commissioner of the Social Security Administration. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of the complaint to determine whether the complaint, or any portion thereof, should be dismissed as frivolous, malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see* 28 U.S.C. §§ 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff

cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199.

Congress has also authorized the sua sponte dismissal of complaints which fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii). Plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). While a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

This is Mr. Doty's second lawsuit seeking an award of Social Security benefits. His first complaint was dismissed for lack of jurisdiction. *See Doty v. Commissioner*, Case No. 1:10-cv-892 (S.D. Ohio April 15, 2011) (Doc. 10). The instant complaint suffers from the same jurisdictional defect as the first and should also be dismissed.

Plaintiff's complaint alleges that in July 2009, he was approved for Social Security childhood benefits on the account of his deceased father. Upon plaintiff's incarceration in July 2010, his Social Security benefits ceased. Plaintiff alleges that he spoke with a Social Security employee on the telephone in October 2010 and was informed he was not eligible for Social Security childhood benefits while incarcerated. Plaintiff states he believes Social Security erred by stopping his benefits.

Plaintiff alleges that on February 9, 2011, after he received the undersigned magistrate judge's Report and Recommendation to dismiss for lack of jurisdiction in Case No. 1:10-cv-892, he submitted a request for reconsideration to the Social Security Office in Cincinnati, Ohio. Plaintiff states he has not heard back from the Social Security Administration and "assume[s] they accepted [his] delayed request" for a review. (Complaint at 3). Plaintiff further alleges that he mailed a notarized, sworn statement to the Social Security Administration in April 2011 and corresponded with the Legal Aid Society about his Social Security Benefits. Plaintiff requests "this Court to recognize that I have in good faith attempted to exhaust my administrative remedies in the SSA" by the actions set forth in his complaint.

As relief, plaintiff seeks resumption of his benefits while he is incarcerated and back pay for the months he did not receive benefits.

Plaintiff's complaint must be dismissed because this Court still lacks federal

jurisdiction over the complaint. Judicial review of Social Security decisions is governed by 42 U.S.C. § 405(g), which provides in relevant part:

> Any individual after any *final decision of the Commissioner made after a hearing to which he was a party* . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow.

42 U.S.C. § 405(g) (emphasis added). Two elements are required to establish federal jurisdiction to review the decisions of the Commissioner of Social Security: (1) a plaintiff must exhaust his administrative remedies, and (2) the Commissioner must issue a final decision. *See Pohlmeyer v. Secretary of Health and Human Services*, 939 F.2d 318, 320 (6th Cir. 1991) (citing *Mathews v. Eldridge*, 424 U.S. 319, 327-29 (1976)). Before plaintiff may obtain judicial review of a claim for benefits, he must exhaust the four-step administrative process in the Social Security Administration: (1) initial determination, (2) reconsideration, (3) a hearing before an administrative law judge, and (4) Appeals Council review. *See* 20 C.F.R. §§ 404.900(a)(1)-(4); 416.1400(a)(1)-(4). When he has completed these four steps, the agency "will have made [its] final decision" and plaintiff "may request judicial review by filing an action in a Federal district court." *See* §§ 404.900(a)(5); 416.1400(a)(5). *See also Atkin v. Lewis*, 232 F. Supp.2d 770, 773 (N.D. Ohio 2002).

The complaint makes clear that this Court lacks jurisdiction over plaintiff's case. Plaintiff was verbally advised in October 2010 that he was not entitled to the continuation of his Social Security benefits. There is no indication that plaintiff then availed himself of the four-step administrative review process before filing his complaint in this federal court. In fact, the complaint indicates that plaintiff is at the second step of the administrative process, *i.e.,* the

reconsideration stage, and has not yet received a decision on his request for reconsideration. Nor does he allege facts showing there has been a final decision by the Commissioner after a hearing. In the absence of exhaustion of the administrative review process and a final decision by the Commissioner, this Court is without jurisdiction over plaintiff's complaint. Accordingly, the complaint should be dismissed.

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be dismissed for lack of jurisdiction.

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).


Date: 6/29/2011                     s/Karen L. Litkovitz
                                    Karen L. Litkovitz, Magistrate Judge
                                    United States District Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

IAN M. DOTY,
    Plaintiff

vs

COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,
    Defendant

Case No. 1:11-cv-424

Weber, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).