## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

IAN M. DOTY,                                    Case No. 1:11-cv-424
     Plaintiff,

                                      Weber, J.
    vs                                      Litkovitz, M.J.

COMMISSIONER OF THE                             **REPORT AND**
SOCIAL SECURITY ADMINISTRATION,                 **RECOMMENDATION**
     Defendant.

This matter is before the Court on plaintiff's motion requesting that he be released from the financial obligation of having to pay the full filing fee in the above-styled case. (Doc. 12). The motion has been referred to the undersigned for a Report and Recommendation. (*See* Doc. 13).

As background, plaintiff brought this action against the Commissioner of the Social Security Administration after a prior complaint filed by plaintiff against the same defendant was dismissed for lack of jurisdiction in April 2011. *See Doty v. Commissioner of Social Security*, Case No. 1:10cv892 (Barrett, J.; Litkovitz, M.J.). In the prior action, the Court granted plaintiff pauper status and ordered collection of the full filing fee over time based on the schedule set forth in the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(b)(1), (2). *See id.* (Doc. 2).

On June 27, 2011, plaintiff filed an application for leave to proceed *in forma pauperis* for the purpose of initiating the instant action. (Doc. 1). On June 29, 2011, the Court granted plaintiff's *in forma pauperis* motion and ordered the collection of the full filing fee over time based on the schedule set forth in the PLRA. (Doc. 2). On the same date, the undersigned also issued a Report and Recommendation to dismiss the complaint for lack of jurisdiction. (Doc. 4).

The District Court subsequently adopted the Report and Recommendation and dismissed the complaint. (*See* Docs. 9, 10).

Plaintiff then filed the instant motion essentially requesting that the Court vacate its Order of June 29, 2011 requiring the withdrawal of funds from his prison account to pay the full filing fee. Plaintiff contends that because he filed two complaints against the Commissioner of the Social Security Administration, both of which were dismissed for lack of jurisdiction, he should only be required to pay the court costs in one of the cases. (*See* Doc. 12). Plaintiff's motion is not well-taken.

The obligation to pay the full filing fee attaches when a prisoner files his complaint and is not obviated by the subsequent dismissal of the complaint. *See McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997). As the Sixth Circuit in *McGore* explained:

> Even a voluntary dismissal of a complaint . . . does not eliminate a prisoner's obligation to pay the required filing fees. Section 1915(b)(1) compels the payment of the respective fees at the moment the complaint . . . is filed. *See In re Tyler,* 110 F.3d [528,] 529-30 [(8th Cir. 1997)]. Any subsequent dismissal of the case does not negate this financial responsibility. *Id.; see also Thurman v. Gramley,* 97 F.3d 185, 187 (7th Cir. 1996).

*McGore,* 114 F.3d at 607.

The fact that plaintiff filed a prior complaint against the same defendant, which was similarly dismissed, does not release him from his obligation to pay the full filing fee in both cases. Plaintiff was well aware when he initiated the instant action that his initial complaint had been dismissed on jurisdictional grounds and that he nevertheless was obligated under the PLRA to pay the full filing fee in the dismissed case. Yet, he still chose to file a second complaint, which was subject to the same fee-payment requirements under the PLRA, and faced dismissal

based on the same jurisdictional grounds.

Requiring plaintiff to pay the full filing fee in both cases is not unfair and furthers

Congress's intent in enacting the PLRA to deter frivolous prisoner litigation:

> By choosing to file a new action, [a prisoner] invokes the jurisdiction of the
> federal court and avails himself of the process afforded by that court. Even if the
> end result is an order of summary dismissal . . . , the action will require a
> considerable amount of time and effort on the part of the district court and the
> court staff. The requirement that the full fees be paid for these actions-whatever
> their merit or disposition-will provide a prisoner with the incentive to consider
> carefully whether or not to submit a new action to the district court.

*In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002). *Cf. Goins v. Decaro*, 241 F.3d 260, 261 (2nd Cir.

2001) ("The PLRA makes no provision for return of fees partially paid or for cancellation of the

remaining indebtedness in the event that an appeal is withdrawn. That is not surprising, since a

congressional objective in enacting the PLRA was to make all prisoners seeking to bring lawsuits

or appeals feel the deterrent effect created by liability for filing fees.") (internal quotation and

citation omitted).

Although the Sixth Circuit in *In re Alea* addressed prisoner filing fee requirements in the

context of the "three-strikes" provision of the PLRA,[1] the Court is persuaded by the Sixth

Circuit's reasoning that as a prisoner subject to the PLRA, plaintiff cannot escape the financial

obligation imposed by that statute of paying the full filing fee in both civil actions that he filed

---

[1]The so-called "three strike" provision of the PLRA provides:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding
under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained
in any facility, brought an action or appeal in a court of the United States that was dismissed on the
grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted,
unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

against the Commissioner of the Social Security Administration.

Accordingly, the undersigned concludes that plaintiff is not entitled to relief from the requirement of paying the full filing fee in this case. It is therefore **RECOMMENDED** that plaintiff's motion (Doc. 12) be **DENIED**.

**IT IS SO RECOMMENDED.**

Date: *9/29/2011*

cbc

Karen L. Litkovitz
United States Magistrate Judge

4

## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

IAN M. DOTY,
      Plaintiff,

    vs

COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,
      Defendant

Case No. 1:11-cv-424

Weber, J.
Litkovitz, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

■ Complete items 1, 2, and 3. Also complete
item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
or on the front if space permits.

| A. Signature | | |
|---|---|---|
| X | ☑ Agent | |
| | ☐ Addressee | |
| B. Received by ( Printed Name) | | C. Date of Delivery |

1. Article Addressed to:

Ian M. Doty 635-838
Mansfield Corr. Inst.
PO Box 788
Mansfield, OH 44901

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☑ Certified Mail    ☐ Express Mail
☐ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)

7003 2260 0002 6723 4125

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540